ALBERT W. VAN SAUN, PROSECUTOR, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PEQUANNOCK ET AL., DEFENDANTS.

Decided June 12, 1930.

Before Justice PARKER, sitting alone under the statute.

For the prosecutor, *W. Eugene Turton.*

For the defendants, *King & Vogt.*

Memorandum by PARKER, J. The new township committee of the township of Pequannock organized on the first day of January, 1930, and immediately passed a number of resolutions, one of which is now before me on this writ. It recites that certain portions of the former township had been set off and organized into separate municipalities and that a recorder of the township of Pequannock was no longer necessary and it would be in the interest of economy (to abolish the office) and proceeds: "Now, therefore, be it resolved that the office of recorder of the township of Pequannock, in the county of Morris, be and the same is hereby abolished. This resolution to take effect immediately."

Previous to this resolution, the prosecutor had held office as recorder of the township of Pequannock by virtue of an appointment resting on the act of 1914, chapter 74 (*Pamph. L., p.* 112), which provides, among other things, that "in any township * * * the township committee may in its discretion appoint a fit person residing in such township to be recorder, to hold office for three years and may fix the compensation to be paid such recorder in lieu of all fees allowed by law in such cases * * *." The prosecutor had been in

receipt of a salary of $250 a year for his services as recorder and had also been paid certain additional moneys for expense account and rental of a room in which to hold hearings. The resolution is attacked on the sole ground that it was not passed in good faith but as a mere political manoeuvre.

This act of 1914 was discussed in the case of *Shoemaker* v. *Center Township, 3 N. J. Adv. R.* 1180, decided by the late Mr. Justice Katzenbach sitting alone. So far as applicable, this decision should be taken as controlling in the present case. It was there argued that the office was created by the statute, but the court held otherwise, viz., that the office was one created by the township committee pursuant to a power given by the legislature. Mr. Justice Katzenbach further held that the statute also gave the power to abolish the office if such power were exercised in good faith; and that the presumption is that it was so exercised. I deem it my duty to follow this decision in the present case.

The prosecutor undertakes to show, by depositions of some length, that the abolition of the office was not in good faith. I have read the depositions through and while it seems to be quite plain that the three members of the township committee constituting a majority, who voted "aye" on the resolution were politically opposed to the prosecutor, there is a great deal in the testimony to indicate that there had been a great deal of complaint about the large budget of the township and that these three had been elected upon a platform of proposed economy in administration. Furthermore, the depositions indicate that they had succeeded in cutting down the township expenditures by several thousand dollars, or at least had cut down the budget by that amount, and that the tax rate had gone down from six and thirty-four hundredths to five and twenty-two hundredths.

There are other features but it should not be necessary to go into them in detail. After considering all the evidence in the case, I am clearly of the opinion that the prosecutor has not sustained the burden of proving that the recital that the abolition of the office was in the interest of economy was a mere political subterfuge, and as this is the only ground on which the action of the committee is attacked the writ must be dismissed, with costs.